IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2193-FL

| | |
|---|---|
| MICHAEL FARROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN SARA M. REVELL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The matter is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (DE 19), which was fully briefed. Also before the court is respondent's motion to seal (DE 28). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motions.

**STATEMENT OF THE CASE**

On October 16, 2002, a jury in the United States District Court for the Middle District of North Carolina found petitioner guilty of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States v. Farrow, No. 1:02-CR-230-WO-1 (M.D.N.C. Oct. 16, 2002). Petitioner's § 922(g) conviction was predicated on a prior February 12, 1990, North Carolina state court conviction for four counts of felony sale of cocaine for which petitioner was sentenced to a five year term of imprisonment. United States v. Farrow, 364 F.3d 551 (4th Cir.

---

[1] Respondent does not state the Federal Rule of Civil Procedure governing her motion to dismiss. Accordingly, the court assumes that respondent moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

2004); (PSR[2] ¶¶ 3, 23.) On February 18, 2003, the United States District Court for the Middle District of North Carolina sentenced petitioner to a term of two hundred twenty-two (222) months imprisonment and a five year term of supervised release for his § 922(g) conviction. United States v. Farrow, No. 1:02-CR-230-WO-1 (M.D.N.C. Feb. 18, 2003). The United States Fourth Circuit Court of Appeals subsequently affirmed petitioner's conviction and sentence on April 15, 2004. Farrow, 364 F.3d at 556.

On March 24, 2005, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed without prejudice on the same date because petitioner's pleading did not comply with the sentencing court's local rules of practice and procedure. United States v. Farrow, No. 1:02-CR-230-WO-1 (M.D.N.C. Mar. 24, 2005). On October 7, 2005, petitioner properly filed his § 2255 petition, and it was denied on May 26, 2006. Id. (May 26, 2006). Petitioner subsequently filed two additional § 2255 petitions which were dismissed as second or successive. Id. (July 28, 2008, Aug. 23, 2010.)

On August 16, 2012, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is actually innocent of being a felon in possession of a firearm and of being an armed career criminal pursuant to the United States Supreme Court's ruling United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On January 24, 2013, the court dismissed petitioner's § 2241 petition. Petitioner appealed the court's decision to the Fourth Circuit Court of Appeals.

On October 9, 2013, the Court of Appeals issued an order affirming this court's decision as to petitioner's challenge to his armed career criminal status. The court of appeals, however, vacated

---

[2] Petitioner's presentence investigation report ("PSR") is filed under seal at (DE 28).

and remanded petitioner's actual innocence claim.  On December 4, 2013, this court entered an order allowing petitioner to proceed with his actual innocence claim.

On January 23, 2014, respondent filed a motion to dismiss, arguing that petitioner failed to state a claim upon which relief may be granted, to which petitioner responded.  Then, on July 11, 2014, the court entered an order directing the parties to expand the record.  Specifically, the court directed respondent to file a copy of petitioner's presentence investigation report ("PSR"), which respondent referenced in her motion to dismiss, but was not available on petitioner's criminal docket sheet.  The court also directed respondent to provide a copy of any relevant North Carolina state court judgement that served as a predicate felony for petitioner's conviction of being a felon in possession of a firearm in violation of § 922(g).  In light of the new materials the court requested, the court informed the parties of its intent to construe respondent's motion to dismiss as a motion for summary judgment and directed the Clerk of Court to issue a Federal Rule of Civil Procedure 56 letter.

On July 29, 2014, respondent complied with the court's July 11, 2014, order.  Respondent also filed a motion requesting that petitioner's PSR be filed under seal.  Petitioner filed a supplemental response on September 3, 2014.

**DISCUSSION**

A.      Motion to Seal

Respondent seeks to seal the copy of petitioner's PSR that respondent filed on July 29, 2014. The public has a First Amendment right of access to exhibits submitted in conjunction with a summary judgment motion.  See, e.g., Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 578 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir.

3

1988)). As such, the parties must offer a compelling reason to keep them under seal. Id. at 578-79. Due to the sensitive nature of the contents of petitioner's PSR, the court finds compelling reason that the document be sealed. See, e.g., United States v. Jones, 533 F. App'x 291, 301 (4th Cir. 2013); L. Crim. R. 32.2(j), E.D.N.C.; see also, United States v. Matthews, No. 3:07cr226, 2008 WL 5210706, at *1 (E.D. Va. Dec. 12, 2008) ("Peters has not asserted a sufficient particularized need for access to the PSR and that Peters'[] First Amendment rights were not violated by leaving the other documents in the case under seal.") Thus, respondent's motion to seal is GRANTED.

B.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Petitioner, in this case, alleges that he is actually innocent of

4

being a felon in possession of a firearm pursuant to § 922(g), because his prior North Carolina state criminal predicate conviction no longer qualifies as a felony pursuant to Simmons.

In order for a criminal defendant to be convicted of possession of a firearm by a convicted felon pursuant to § 922(g), he must have been previously convicted of a crime punishable by a term of imprisonment exceeding one year. 18 U.S.C. § 922(g)(1). Pre Simmons, the binding precedent dictated that a North Carolina state conviction constituted a crime punishable by a term of imprisonment exceeding one year "if any defendant charged with that crime could receive a sentence of more than one year." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). The Fourth Circuit Court of Appeals' decision in Simmons overruled Harp. See United States v. Kerr, 737 F.3d 33, 35 (4th Cir. 2013). Specifically, in Simmons, the court held that a North Carolina conviction is a crime punishable by more than one year of imprisonment if the particular defendant is eligible for a sentence of more than one year, taking into account his criminal history and the nature of his offense. Simmons, at 247 & n. 9.

Here, the federal sentencing court relied upon petitioner's prior 1990 North Carolina conviction for four counts of felony sale of cocaine as the predicate felony for petitioner's § 922(g) conviction. (PSR ¶ 23.) Because petitioner was sentenced to a term of imprisonment in excess of one year on his predicate North Carolina felony conviction, he is not actually innocent of his § 922(g) conviction pursuant to Simmons. To the extent petitioner contends that his 1990 conviction does not qualify as a predicate offense because his sentence was suspended, his contention is meritless. See United States v. Swann, 526 F. App'x 265, 267 n. 2 (4th Cir. 2013) ("[A] qualifying predicate felony is one for which [the petitioner] could have been sentenced to a prison term exceeding one year. . . . It is not required that [the petitioner] was actually sentenced to serve (or did

5

in fact serve) over one year.") Based upon the foregoing, petitioner is not entitled to relief pursuant to § 2241, and respondent's motion for summary judgment is GRANTED.

Finally, to the extent petitioner seeks to assert new claims arising out of his alleged status as a Moorish American National in his supplemental response, such claims are not properly before the court because petitioner has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include any new claim. Thus, petitioner's new claims are DISMISSED without prejudice. See United States v. Jones, 842 F.2d 1293, at *1 (4th Cir. Mar. 9, 1988) ("Even under liberal rules of interpretation, a court should not be required to amend a complaint sua sponte every time a pleading is filed which arguably raises a new claim."); see also, Crump v. N.C. Dep't of Corr, No. 3:05CV325-02-MU, 2009 WL 2738459, at * 5 (W.D.N.C. Aug. 26, 2009). Alternatively, the claims lack merit and are DENIED. See United States v. Spaulding, 323 F. App'x 236, 236 (4th Cir. 2009) (per curiam); see also, Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) ("Reduced to its essence, Petitioner's claim is that he is a 'Moorish American' and that, based on his ancestry, the State of North Carolina does not have jurisdiction to prosecute and imprison him for committing sexual offenses against a child or children. There is no basis in the law for such a claim.")

6

Case 5:12-hc-02193-FL   Document 33   Filed 09/23/14   Page 6 of 7

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 19) and motion to seal (DE 28) are GRANTED. The action is DISMISSED without prejudice. The new claims petitioner seeks to allege in his supplemental response are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 23rd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge